UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALFREDO RIQUENE, | ) | CASE NO. 4:15cv2685 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| FCI EKLTON WARDEN R. HANSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Alfredo Riquene filed this action against defendant FCI Elkton Warden R. Hanson. In the complaint, plaintiff alleges he is assigned to a top bunk even though he has a documented back injury. He seeks an order from this Court requiring Hanson to issue a bottom bunk restriction.

### I. BACKGROUND

All facts are taken from plaintiff's complaint.[1] Plaintiff alleges he ruptured two disks in his back in 2006, which required surgery to repair the damage. He injured his back a second time in 2010 while working for his employer in Florida. For the purposes of receiving worker's compensation, he was diagnosed with lumbar pain, degenerative discs, and sciatica. Sometime thereafter, plaintiff was arrested, convicted, and sent to FCI Elkton in January 2013. He alleges he was immediately assigned to a top bunk.

On August 14, 2013, plaintiff requested a low bunk assignment. He indicates Nurse Shelly Kennedy denied his request on the ground that he did not meet the medical criteria for

---

[1] It appears that the complaint is a reproduction of his previously dismissed federal habeas petition. (Doc. No. 1.)

issuance of a bottom bunk pass. He claims he fell while climbing the ladder to the top bunk on August 28, 2013. He requested a low bunk assignment again on September 20, 2013. Nurse Kennedy denied his request, indicating that he still did not meet the medical criteria for issuance of a bottom bunk pass. He states he fell from the top bunk on October 2, 2013 and landed on his back. X-rays taken the following day revealed arthritis in his back. Plaintiff made a third request for a lower bunk pass in July 2014, after his chronic care exam showed limited forward flexion due to pain. Nurse Kennedy denied the request. Plaintiff filed grievances with FCI Warden Hanson, the Bureau of Prisons ("BOP") Regional Director, and the BOP Central Office; however, all of his grievances were denied. He brings this action and asks this Court to order the Warden to provide him with a lower bunk pass.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 4493 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III.  ANALYSIS

As an initial matter, plaintiff does not identify a particular legal cause of action he wishes to pursue. He indicates on his Civil Cover Sheet, however, that he is pursuing a *Bivens* action. The Court, therefore, construes the complaint as alleging a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 38, 397, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Complaints asserting a *Bivens* cause of action are subject to the same pleading requirements applied to claims under 42 U.S.C. § 1983. *See Nuclear Transp. & Storage v. United States*, 890 F.2d 1348, 1355 (6th Cir. 1989).

Applying a liberal interpretation to the complaint, the Court further construes his allegations as attempting to raise a violation of the Eighth Amendment for deliberate indifference to serious medical needs. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor

may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981) (citations omitted). In *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994), the Supreme Court remarked that "having stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id*. at 833 (citations omitted). The Eighth Amendment protects inmates by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Id*. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (citing *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A

plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8 (quotation marks and citation omitted). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citations omitted).

In this case, plaintiff fails to satisfy the subjective requirement of an Eighth Amendment claim. The subjective component requires a showing that the defendant prison official knew of, and acted with deliberate indifference to, plaintiff's health or safety. *Wilson*, 501 U.S. at 302-03. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff brings his claim solely against the FCI Elkton Warden. The only allegation against the Warden is that he denied a grievance. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under *Bivens*. *See Martin v. Harvey*, 14 F. App'x 307, 309, 2001 WL 669983, at *2 (6th Cir. 2001) ("The denial of the grievance is not

5

same as the denial of a request to receive medical care."); *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999) ("[as against defendants whose only involvement was the denial of administrative remedies], [t]here is no allegation that any of these defendants directly participated . . . in the claimed . . . acts. . . ."); *Weaver v. Toombs*, 756 F. Supp. 33, 337 (W.D. Mich. 1989) ("The mere fact that these defendants found plaintiff Martin's grievance concerning the seizure to be without merit is insufficient to state a claim against them.") Plaintiff has not alleged sufficient facts, if believed, that would support a finding that Warden Hanson was deliberately indifferent to his serious medical needs.

To the extent plaintiff intended to assert a claim other than one under the Eighth Amendment, he failed to do so. No other claim can be construed from the face of the pleading. District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments, nor are they tasked with creating causes of action for *pro se* litigants. *Thomas v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998, at *1 (6th Cir. 2000) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). To do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278 (citation omitted). Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. Even liberally construed, plaintiff's complaint does not suggest another cause of action plaintiff may be attempting to assert.

6

## IV. CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 20, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**